Jason A. Czekalski, J.D.
95579, 138 East Milan Road
Berlin, NH 03570

March 12, 2024,

Clerk,
United States District Court
55 Pleasant Street
Concord, NH 03301

RE:   Initial filing of Complaint

Please find enclosed for initial filing the following documents from petitioner:

- Certified Complaint for Violation of Constitutional Rights, Seeking Declaratory Judgment and Equitable Relief, to Include Emergency Relief;
- Application to Proceed in District Court without Prepayment of Fees or Costs;
- Attachment to Motion/Affidavit to Proceed In Forma Pauperis; and
- Prison Litigation Reform Act Consent Form

Thank you for your assistance in this matter,

Respectfully,

[signature]

FILED - USDC -NH
2024 MAR 15 AM 11:48

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Jason A. Czekalski, plaintiff

v.

Helen Hanks, Commissioner, Department of Corrections,
    in her professional capacity, respondent

and

Corey Riendeau, Warden, Norther New Hampshire Correctional
    Facility, in his personal capacity, respondent

## CERTIFIED COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS, SEEKING DECLARATORY JUDGMENT AND EQUITABLE RELIEF, TO INCLUDE EMERGENCY RELIEF

NOW COMES the plaintiff, Jason A. Czekalski, pro se, and files this Certified Complaint for Violation of Constitutional Rights, Seeking Declaratory Judgment and Equitable Relief, to Include Emergency Relief, and states as follows:

### PARTIES

1. Plaintiff Jason A. Czekalski (CZEKALSKI) is a natural person presently incarcerated at the Northern New Hampshire Correctional Facility (NNHCF), 138 East Milan Road, Berlin, New Hampshire. His inmate number is 95579.

2. Respondent Helen Hanks (HANKS) is the Commissioner of the New Hampshire Department of Corrections (NHDOC), with a regular business address at 105 Pleasant Street, Concord, New Hampshire. HANKS is being sued in her professional capacity.

3. Respondent Corey Riendeau (RIENDEAU) is the warden of the Northern New Hampshire Correctional Facility, having a regular business address of 138 East Milan Road, Berlin, New Hampshire. RIENDEAU is being sued in his personal capacity.

### HISTORY - GENERAL

4. CZEKALSKI is a long-term inmate with NHDOC, having been transferred from the Cheshire County House of Correction on December 17, 2013.

5. CZEKALSKI has multiple pending cases in state and federal courts, with cases ranging in age from six months to 10 years activity.

- 1 -

6. CZEKALSKI is presently preparing a new action in the United States District Court for the District of New Hampshire, as well as an Administrative Procedures Act action in state Superior Court, both against NHDOC.

7. CZEKALSKI is being compelled to preemptively file this action in advance of those planned actions as respondent are taking actions that interfer with and prevent the completion of CZEKALSKI's preparation of those actions.

## HISTORY - DIGITAL MEDIA AND LEGAL DOCUMENTS

8. CZEKALSKI has need of legal materials from outside the prison, much of which exists in unprintable digital form.

9. CZEKALSKI has made arrangements with an outside attorney to gather those materials and record them on an encrypted thumbdrive.

NOTE: An encrypted thumbdrive was chosen in order to protect the confidentiality of the sources and contents of these materials. CZEKALSKI's experience with NHDOC has demonstrated that the organization and its employees are willing to take retaliatory actions against anyone who attempts to assist an inmate in legal actions against the organization. In addition, given the pend-issues with the copying of legal mail (see below), there is now even more need for data security.

10. On December 24, 2023, CZEKALSKI notified respondents' staff at NNHCF that this digital media would be being mailed by his attorney.

11. Respondent RIENDEAU and his subordinates have responded that digital media is not allowed in NHDOC facilities. (Exhibits 1 and 2)

12. This statement is contrary to actual practice within the facility at this time:

   A. CZEKALSKI presently has an encrypted CD from the Department of Veterans affairs, relating to a Board of Veterans Appeals (held by Administrator of Programs Fortier);

   B. Inmate Damion Yeargle has multiple thumbdrive available to him in his pending state habeas petition (<u>Yeargle v. Warden</u>, 214-2023-CV-0084, Coos

Superior Court). He has these per order of that court; These are aslo held by AOP Fortier:

C. Inmate Scott LeBlanc has multiple CDs available to him in his pending federal habeas actio, again, per order of that court;

D. Inmate Gregg Maggi (at the state prison in Concord) has access to multiple CDs as part of a federal lawsuit, again, per the order of that court. It is CZEKALSKI's understanding that Mr. Maggi has these CDs in his personal possession.

13. CZEKALSKI filed a Level 2 Grievance with HANKS, in accordance with COR 313, on January 14, 2024.

14. HANKS answered that grievance on January 29, 2024, stating that she would consult with RIENDEAU about this issue. (Exhibit 1)

15. However, RIENDEAU has already stated to inmates Yeargle and LeBlanc that they will have to have their digital media removed from the facility immediately or it will be destroyed, irrespective of any court order.

## HISTORY - COPYING OF CONFIDENTIAL LEGAL MAIL

16. In early May, 2023, RIENDEAU implemented a policy at NNHCF of photocopying inmate legal mail, providing the copies to the inmate, and destroying the orignal documents.

17. This policy applies only to inmates at NNHCF and is not in place at the state prison in Concord.

18. CZEKALSKI immediately raised the issue of modern industrial photocopy machines being able to retain digital copies of whatever they pjotocopy.

19. An exchange of questions and answers between CZEKALSKI and Toshiba product manage Robert Covington , mediated by NHDOC Investigator Hammer, revealed that the photocopy machine being used is capable of retaining digital copies of whatever it photocopies. (Exhibit 3)

20. On January 14, 2024, CZEKALSKI finally filed a Level 2 Grievance with HANKS, after filing a complaint and grievance with RIENDEAU. (Exhibit 3)

- 3 -

21. HANKS answered the Level 2 Grievance on January 29, 2024, stating "you have already received an answer to this repeatedly," but without actually addressing the issues raised by CZEKALSKI.

22. This issue has taken on new importance as CZEKALSKI now needs to have some older legal files sent back into the facility.

23. These files were sent out for storage with Attorney Katherine Maggi, as a good-faith gesture to NHDOC in reducing the volume of legal materials in CZEKALSKI's possession.

24. These files contain many original documents that cannot be replaced.

25. RIENDEAU insists that CZEKALSKI will not be allowed to receive his originals but will have to accept photocopies of them.

26. This means that CZEKALSKI will have to either: a) send his original back to Attorney Maggi, thereby incurring additional expense; or b) allow his originals to be destroyed, forever losing his originals.

27. On January 14, 2024, CZEKALSKI filed a Level 2 Grievance with HANKS.

28. On January 29. 2024, HANKS answered that grievance stating that she would consult with RIENDEAU. (Exhibit 1)

## COUNT 1: VIOLATION OF CIVIL RIGHTS UNDER THE 6TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION - INTERFERENCE WITH ACCESS TO THE COURTS

29. CZEKALSKI quotes paragraphs 1 through 15 above and incorporates them here by reference.

30. The 6th Amendment of the United States Constitution protects a citizen's right to access to the courts, and is applied to the states through the 14th amendment.

31. Such access to the courts presumes that a citizen will be allowed access to all favorable evidence necessary to initiate and prosecute a claim.

32. CZEKALSKI presently has a number of active legal actions pending against the State of New Hampshire and NHDOC.

33. In addition, CZEKALSKI is in the process of preparing another action

- 4 -

against NHDOC in the United States District Court for the District of New Hampshire, as well as an Administrative Procedures Act action state court.

34. The materials on the thumbdrive being withheld from CZEKALSKI have application to both the pending and planned actions.

35. Denial of access to the thumbdrive prevents CZEKALSKI from: a) effectively continuing the prosecution of his pending actions; and b) even preparing and filing his planned actions.

36. Respondents' refusal to allow CZEKALSKI to have access to the thumbdrive is violating CZEKALSKI's right to access to the courts under the 6th and 14th Amendments of the United States Constitution.

### COUNT 2: VIOLATION OF CIVIL RIGHTS UNDER THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION - COPYING OF ATTORNEY MAIL

37. CZEKALSKI quotes paragraphs 1 through 7 and 16 through 28 above and incorporates them here by reference.

38. The 6th Amendment of the United States Constitution protects a citizen's right to access to an attorney and is applied to states through the 14th Amendment.

39. Effective access to an attorney of necessity requires that a citizen's consultation with an attorney, whether oral or written, remain confidential.

40. Respondents' own regulation requires that any photocopier used to copy attorney mail NOT be capable of retaining digital copies of the documents photocopied.

41. CZEKALSKI has provided documented proof that the photocopy machine being used at this time by respondents, like most industrial-grade photocopiers, is capable of retaining digital copies of the documents photocopied on it. (Exhibit 3, Page 6, Question 2)

42. Additionally, there is no way to permanently disable this feature

43. Despite CZEKALSKI's documentation of this through the grievance process, respondents refuse to cease and desist photocopying CZEKALSKI's (or any other inmates') attorney mail.

44. The question IS NOT whether the photocopy machine is actually retaining digital copies of attorney mail.

45. The question IS whether the photocopy IS CAPABLE of retaining such copies in violation of respondents' own policy and CZEKALSKI's constitutional rights.

46. Respondents' refusal to cease and desist photocopying CZEKALSKI's attorney mail on a photocopy machine capable of retaining digital copies violates CZEKALSKI's right to access to his attorney under the 6th and 14th Amendments of the United States Constitution.

## COUNT 3: VIOLATION OF CIVIL RIGHTS UNDER THE 6TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION - BAD FAITH WITH LEGAL MAIL

47. CZEKALSKI quotes paragraphs 1 through 46 above and incorporates them here by reference.

48. A citizen's rights to access to the courts and his attorney necessarily require that the citizen have access to ALL of his legal files, whether they are in his possession or in the possession of his attorney.

49. Respondents' attempt to restrict the volume of legal documentation inmates may possess irrespective of the type or amount of litigation the inmate is involved in, while reserving for themselves the right to have access to unlimited legal resources.

50. CZEKALSKI and HANKS have already had to address this issue in several of their federal cases, with the federal court ruling that CZEKALSKI had to be allowed access to all of the legal documentation relevant to his cases.

51. However, in a good-faith gesture, CZEKALSKI chose to send out over 25 large envelopes of older legal documentation that was not needed "at that moment," but would be needed again in the future, for storage by an attorney.

52. This was done at a time prior to NHDOC photocopying ANY inmate mail, and with the understanding that he would be able to have those files sent back into the prison in the future when he again needed them.

53. CZEKALSKI now has need of some of those files for both pending and planned litigation.

54. These files contain significant amounts of confidential and sensitive information, as well as original documents that cannot be replaced.

55. RIENDEAU is now insisting that these files will have to go through the "new" legal mail process. (See Count 2 above)

56. HANKS' only response to this in CZEKALSKI's grievance is that she will consult with RIENDEAU about this issue.

57. Submitting these files to this "new" legal mail process will result in the compromising of confidential information and the permanent loss of original documents, which will irreparably prejudice CZEKALSKI's pending and planned litigation.

58. Respondents' refusal to allow CZEKALSKI to receive his ORIGINAL legal files back into the prison is an act of bad faith and violates CZEKALSKI's rights to access to the courts and his attorney under the 6th and 14th Amendments of the United States Constitution.

## EMERGENCY RELIEF

59. A court may issue a temporary restraining order and/or a preliminary injunctions where: a) there is a risk of immediate and irreparable harm; b) petitioner does not have an adequate remedy at law; c) the injunction must be capable of preventing the threatened harm; d) the injunction will further the interests of justice; and e) the injunction will not cause more harm than it prevents.

60. The most important factor for the court in evaluating petitioner's request for emergeny relief is the likelihood of success on the merits.

61. The rights to access to the courts and access to an attorney are so well established as to be beyond the need for this litigation, so petitioner will succeed on the merits.

62. At this time, RIENDEAU is threatening to dispose of any and all digital media not removed from NNHCF on or before February 12, 2024.

63. As such, the failure of this court to issue an ex parte temporary restraining order against respondents will irreaparbly compromise CZEKALSKI's ability to enforce his rights.

64. Once this damage is done, no amount of monetary damages will repair the damages done.

65. CZEKALSKI's proposed emergency temporary restraining order, and a comparable preliminary restraining order will protect CZEKALSKI's rights.

66. CZEKALSKI's proposed emergency temporary restraining order and a comparable preliminary injunction furthers the interests of justice by allowing CZEKALSKI to have access to his attorney and the courts, and thereby being able to pursus enforcement of important constitutional and statutory rights.

67. CZEKALSKI's proposed emergency temporary restraining order and a comparable preliminary injunction cause no prejudice to respondents, as evidenced by the fact that digital media is already in use within NNHCF, and CZEKALSKI's legal files would have benn allowed into the facility without interferance prior to enactment of the new legal mail procedure.

WHEREFORE, petitioner respectfully requests this honorable court to:

A. Issue and exparte temporary restraing order against respondents (Proposed Order appended to this complaint)(Exhibit 4);

B. After notice and a hearing, issue a preliminary restraining order against respondents;

C. Issue a declaratory judgment that respondents' actions regarding petitioner's digital media, photocopying of attorney mail, and bad-faith action toward petitioner's stored legal files violates petitioner's rights under the 6th and 14th Amendments;

D. Issue a permanent injunction restraining respondents from future interference with petitioner's access to digital media for legal purposes, photocopying of attorney mail, and returning stored legal files into the facility;

E. Order respondents to pay all costs of this action; and

F. Grant other and such relief as is necessary, proper, and just.

Respectfully submitted,

Jason A. Czekalski, pro se
#95579
138 East Milan Road
Berlin, NH 03570

---

**CERTIFICATION UNDER OATH**

I, Jason A. Czekalski, have read and understand the contents of this Complaint. All statements made herein are true and accurate to the best of my knowledge and are based on facts known personally to me or on information and belief. This Complaint is signed under the pains and penalties of perjury.

3/12/2024
Date

Jason A. Czekalski

- 9 -

JASON A. CZEKALSKI
#95579
138 EAST MILAN RD.
BERLIN, NH 03570

LEGAL MAIL

CLERK,
U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
55 PLEASANT ST.
CONCORD, NH 03301



US POSTAGE
ZIP 03301
$ 003.55°
MAR 14 2024