```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

Jason A. Czekalski

      v.                          Civil No. 24-cv-076-JL-AJ

N.H. Department of Corrections Commissioner
Helen Hanks and Northern N.H. Correctional
Facility Warden Corey Riendeau

**O R D E R**

Before the court is Magistrate Judge Johnstone's January 30, 2025 Report and Recommendation ("R&R") (Doc. No. 24), which recommends two things: (1) denying plaintiff's motion for a preliminary injunction (Doc. No. 10); and (2) dismissing the entire case for failure to state a claim. The court chooses to address the two recommendations in that R&R separately.

Treating plaintiff's "Response to Respondents' 'Policies Governing Digital Media'" (Doc. No. 26) as a timely objection to the R&R, and upon due consideration of that objection, the Court adopts the R&R, in part, to the extent it identifies Mr. Czekalski's claims, finds a lack of irreparable harm, and determines that plaintiff's transfer to the New Hampshire State Prison ("NHSP") mooted his injunctive relief claims challenging NCF policies. See Doc. No. 24, at 1-8, 10-12, 17-18, 20-21. On those grounds, the Court denies plaintiff's motion for a preliminary injunction. Plaintiff may file a new motion under Fed. R. Civ. P. 65(a) if he can show a likelihood of success on

the merits, irreparable harm, and that the balance of equities and the public interest warrant preliminary injunctive relief.

To provide Mr. Czekalski additional time to object to the R&R's recommendation of dismissal, the Court GRANTS, IN PART, the plaintiff's motion to extend time (Doc. No. 27). The Court extends that deadline until April 7, 2025. The motion to extend time is otherwise denied.

## Conclusion

For the foregoing reasons, the Court directs as follows:

1. The Court ADOPTS the R&R (Doc. No. 24) IN PART, to the extent that the R&R: (a) identifies Mr. Czekalski's claims; (b) finds that Mr. Czekalski's transfer to the NHSP mooted his injunctive relief claims challenging NCF policies; and (c) concludes that irreparable harm is not likely to occur in the absence of an injunction while this case is pending.

2. The Court DENIES, WITHOUT PREJUDICE plaintiff's motion for a preliminary injunction (Doc. No. 10).

3. The Court takes the remainder of the R&R under advisement.

4. The Court GRANTS, IN PART, plaintiff's

motion to extend time (Doc. No. 27).  April 7, 2025 is plaintiff's deadline for objecting to the parts of the R&R the Court has taken under advisement.  The motion to extend time is otherwise denied.

SO ORDERED.

_____
Joseph N. Laplante
United States District Judge

March 28, 2025

cc: Jason A. Czekalski, pro se
    Laura Raymond, Esq.